Good afternoon. Vince Bronco, Federal Defenders, on behalf of Mr. Gasca. Hingston's two-step abuse of discretion review involves, first, a de novo determination whether the district court identified and applied the correct legal rule, and second, a clear air review of the district court's ultimate conclusion. This is pretty much the standard set out in Hingston? Correct. And you agree with that standard? I agree with that standard as long as the first step of Hingston is a de novo review of a district court's application of the guidelines, meaning... So what's the difference between your formulation of abuse of discretion and the standard that we review, issues of law de novo and facts for clear air? The result is basically the difference. Isn't it exactly the same standard? That's the question the Chief asked. What's the difference? I'm not worried about the results for a second. Tell me what's the difference in the standards? In a de novo review, a pure de novo review, you're going to just review the law... No, that wasn't the question. The question is what's the difference between the standard you're attempting to formulate under Hingston and the classic standard that we review issues of law de novo and issues of fact with deference to the fact finder? Is that you're going to look at what the district court said and make sure that it identified the correct legal rule, and if it did not, you send it back for the district court to actually apply the correct legal rule, whereas a traditional de novo review... Why is that any different than sending it back on abuse of discretion because you haven't applied the correct legal rule? That is what I'm... I mean, I don't see the standards as any different. And that's why I think the Chief's question is pretty important. I think the problem is in practice, this court has been applying it, meaning in Crawford, this court said that a district court's interpretation and application of the guidelines is reviewed de novo. And that's essentially the Hingston's first step, is that you review that de novo. If you look at Crawford, it didn't go on and then apply the facts... Forget about Hingston for a second. We're sitting in bank. We're trying to come up with the correct legal approach. The Chief said to you, isn't the correct legal approach the very traditional one? We look at issues of fact with deference to the district court, and we look at interpretations of issues of law de novo. What's wrong with that as the standard? That is the standard. The middle ground is what happens when you have a mixed question of law and fact, and how do you review the district court's decision then? And that is you have to first, under abuse of discretion, determine that the district court affirmatively used the correct legal rule, and only then do you give deference to a district court's determination or application of that legal rule to the facts. Here we have a stipulated set of facts, in effect. All the facts are in the PSR. Well, they're not only in the PSR, but nobody objects to them. Correct. So they're stipulated. Yes. For purposes of this case, we have a stipulated set of facts, and we're asking the district judge, what's the legal significance of that stipulated set of facts, correct? The problem is the district court never... No, no. Yes or no. Is that correct? Are we asking the district court what the legal significance of that stipulated set of facts is? That's the ultimate question. Okay. Why isn't that a purely de novo review? I guess it can be a purely de novo review in the sense that, because here we don't know what the rule was. So that's... By the way, I'm trying to help. And I agree with you. If we're getting down to the question of what we have here, is any mild laceration or any small and minor burn, if that constitutes significant injury under the guidelines, meaning that, yes, that is a de novo determination by this court. But just a second. First of all, let's go to your legal argument. It seems to me that your counsel, and I don't know for sure it was you, said, with respect to the injury enhancement, I think that it's not appropriate in this case. And then he said, Mr. Parr, although it certainly appears to potentially technically qualify under the language of the guidelines, I think it's important to note that the injury here is fairly minor, essentially a cut on the material witness's finger and a minor burn on his firearm. Doesn't counsel, in fact, say there is a legal issue, but we agree with you on the legal issue that it could be applied here? And what we're really talking about is whether now with the facts they meet the legal standard. Isn't that what counsel was saying? No, I think his triple permissive statement, potentially, et cetera, is kind of saying the words bodily. It says he appears to technically qualify. Because under a broad reading of bodily injury, meaning without knowing that there is this cross reference that defines it as significant injury, you know, these could be. Just a minute. Nobody ever says that. He says it appears to technically qualify. And so then if it technically qualifies, then I look at what bodily injury is. I look at what the comment is. And the comment defines what it is. And then it's just a matter of whether, in fact, the injury meets the comment and the law. You're reading out that his follow I understand. All he's arguing is now we're down to, if you will, what you suggest is that which we have to give deference to the district court on, which is his determination whether it meets significant. And if I look at the if I look very carefully at what significant is, it says, for an example, an injury is significant if it's painful and obvious. There's certainly facts in this case which would suggest this is painful and obvious. Well, there's a couple of questions within that. It doesn't mean that it's of the type for which medical care ordinarily would be sought, because that's the second prong. If you look at the comment, there's two, painful and obvious or of the type medical attention ordinarily would be sought. So if I look at what the district judge said about that, he said it was painful and obvious. In fact, he said, then I do have a plus two for victim-related adjustment. I'm going to find as appropriate in the trunk incurred several lacerations on his body and a small burn on his right arm. It's reported that the individual is one of the individuals in the trunk reported it was difficult to breathe because the trunk began to fill with different types of fumes. He was screaming. It was hot. And he stated he was getting burned, painful and obvious. If I'm to give deference to what the district court did, seems to me gives me plenty of room to find on either standard that he met the burden. I disagree on both accounts, because one, the district court never mentions that this needs to be significant, that the pain has to last. But just a minute. If you read the comment, significant equals painful and obvious. Painful and obvious is just an illustration of significant. And I don't think you can read the word significant out of it. It has to be some more than minimal level of pain or more than. Are you arguing for a standard under which the district court has to essentially read all the definitions? I know you cited some cases that suggested that if we can't tell what standard the district court applied, we need to remand at the first step of the abuse of discretion review. But do we have any case that actually requires that the district court prove word for word that the district court is applying the right definitions by reading them into the record or something? It seems like you're asking for a very high standard for confidence that the district court knew what standard it was applying. I want what the Supreme Court said in Taylor, and that is if there's a definition that requires that the district court actually... Because they're illustrations, though, they're not factors. They're not a list that has to be met and checked off, right? At a minimum, significant is a factor. And in Taylor, it actually says, consider those factors as applied to a particular case and whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. But that's a separate argument, isn't it? It seems to me now you've made three different arguments. One is, what's the standard of review for this court? The second is, what does the district court have to say to permit effective review? And the third one is, who wins under whatever standard? The one we're really interested in, I think, is what is the standard of review? We may find the standard of review is de novo and find that you lose. We may find that the standard of review is that the district court said everything it had to is what's our standard of review? Are we deferring to the district judge with respect to his finding that this enhancement applies, or do we review that de novo given... I'm saying you can't defer to this district court judge because he did not show... Let's assume I disagree with you. Let's assume that I think by saying painful and obvious, he did enough. But, okay, he didn't say painful and obvious. Huh? He never said painful and obvious. But let's just assume I said, assume that by saying something like painful and obvious or the judge may not have found enough. But my question is, assume that he did. Can't we still review de novo whether or not these facts that he found constitute a significant injury? And again, I still think because this is a vexing area... I would think that's what you'd be arguing. What? Because if the argument is... If we defer, you lose. If we review de novo, you win. I disagree. I disagree that if you defer, I lose. If you look at cases from out of circuit... Aren't you at least worse off if we defer? I agree I'm worse off. I have a much better argument. Focus on de novo for a second. And that is why on de novo, that's the question is, did this district court identify and apply the correct legal rule? And the district... And this court has... The Supreme Court has said, you have to clearly bring that out. And this court has post Hinkson said that you need certainty prior to... Correct. He made findings that showed that there was at least some injury. He didn't talk about bodily injury. He did talk about whether that it was both painful and obvious, which... I disagree. I disagree with that. Well, I don't... I guess I'm trying to figure out how when I read to you that he had several lacerations. He had a small burn on his right arm and it was so hot inside. He was starting to get burned and he screamed. I guess I'm having a tough time understanding why that isn't painful. It shows... Obvious is obvious. It was a burn on his arm. Screaming seems to me obvious that it's also painful. So he meets the standard. Again, I respectfully disagree. And let me try to explain why. Because, yes, there may be some that he may have had momentarily pain and the burn it hurt at first, but we don't know how long that burn last. The comment doesn't talk about how long. The comment only talks about if the injury is both painful and obvious, it's significant. Well, again, if this question turns into is any burn sufficient to be significant injury and is if any tiny cut sufficient to be injury, that is a no-no. Are you just trying to rewrite the standard that's in the guidelines? No. Is that what you're trying to do? Exactly not. Say significant is this, and I want them to write it in. That's not our job. The other circuit courts that have really had to grapple with this have done some of this defining. And they've noticed the interplay between painful and obvious. And it means both. And it means something substantial, not insignificant. Not an in this case, not an insignificant burn. Not an insignificant cut. And I don't think any of the district court's factual findings show that it's anything more than an insignificant cut or burn. And the circumstances in this trunk, you have to keep in mind, too, that it must have been a scary situation for the individual in there. The conditions they're in, yes. Anyone's going to be screaming if that trunk starts getting too hot or if they feel anything. Yes, that's going to happen. But Mr. Gaske's sentence was increased four levels based on just the conditions. What we're really dealing with here is that these injuries, were they significant enough to raise his base offense level by seven more months to tack on from just the basic conditions that they faced? And I don't think in this situation that they were. Especially... What would you have us do in this case? I mean, ideally, I'd like you to... Well, what would you have us do? So that's ideally. Ideally, I'd have you reverse because these injuries just don't... We're in the record that these injuries were significant. As an alternative, I think that at a minimum, what this court has to do is because the district court didn't express enough, didn't tie these facts to the actual legal standard that you need to remand to the district court. Well, that was the question I wanted to ask you. There are no more facts. You want to remand on an open record for more facts? We know what the facts are. They're all in the pre-sentence report. Why would we remand to the district court? Well, again, I would first ask that you not, but if you do... Well, if we don't, you end up with Judge Smith's conclusion that these are painful and obvious. But I'm just asking, why would we remand to the district court here if, in fact, all the facts are in the PSR? Well, that's the thing with deference. If you're going to take all Judge Smith's observations and take all the inferences directly against Mr. Glaska... I'm not sure he was talking about deference. He was talking about whether under either standard, it was clear that these injuries were painful and obvious. I guess my best answer is because if you remanded telling this district court that, yes, these injuries have to be significant, he may think better of it on these facts. Any further questions? Do you want to reserve some time for rebuttal? If I could just make a quick point on the allocution. I want to make sure that the point is clear. Under Rule 32 in Daniels, the district court is required to give an affirmative invitation for someone to speak about their supervisory release sentence. We're not claiming that in a combined hearing, a district court couldn't give just one opportunity. What we're saying is, if the district court's going to give one opportunity, he has to tell that person directly, this is your time to speak about supervisory release too. And in this case, that simply didn't happen. Mr. Glaska didn't have an opportunity to talk about the violation of trust with the district court. So it seems to me that your client understood that he was allocuting with respect to the entire proceedings. Isn't that a fair interpretation of the record? I disagree. Because first of all, the district court said nothing about this is the time that you can talk about supervisory release. And he actually told him that first we're going to talk about the sentencing. And then when he switches to supervisory release, he transitions and says, now we're back to supervisory release. But the client's comment said nothing about his breach of trust. His initial allocution talks about the general offense and how sorry he is. But he never had the opportunity to talk about, to go, judge, I'm really sorry. You let me on supervised release and I violated that trust. And that's what Mr. Glaska should have had an opportunity to do. Now, your counsel, however, I'm looking at page 35 of the record, when he was given the opportunity just before the judge allows your client to allocute, says, I think it's helpful, although the analyses are distinct, to consider the two cases together. They are related, forming the basis of the other. So it certainly seems that counsel thought that they were related cases, that they ought to be handled together. The government treated them together. And nobody seems, nobody seems to have offered anything. I agree that counsel made those statements and he was asking, asking the judge to consider them together. But the judge actually, when imposing sentence, just went through that sentence. And then he says, after the allocution, after the imposition, and then returning to the companion case we're here for. So the judge himself, even if counsel asked for it, the judge didn't actually agree with it. Thank you, counsel. I think I'll serve my time. I please the court, Peter Kuff, United States. On the principal issue for which this court granted en banc review, we believe the standard review for application of the guidelines to the facts should be abuse of discretion. And to answer your earlier question... What if the judge makes a mistake of law? If the judge makes a mistake of law, that would violate the first prong of Hinkson, the first prong of... So then we would review that argument de novo? Correct. So if we have undisputed facts and we have to apply a legal standard to the undisputed facts and the judge gets it wrong, is that a mistake of law? I don't believe that's necessarily a mistake of law. That could still be... Well, it seems to me that's almost a definition of a mistake of law. For example, that's what we review on summary judgment. We take here are the facts. They needn't be undisputed. We take the facts most favorable to the side on one side of it. And then we look at whether or not the law was properly applied. That's de novo review. Here we have undisputed facts and we have a legal standard. That is to say, what is bodily injury? And we're helped in our definition. It has to be significant. For example, e.g., painful and obvious. And if the judge gets it wrong, he gets it wrong. That strikes me as... He got it wrong as a matter of law and it's de novo review. That doesn't necessarily mean you lose this case, but I'm just trying to get out the standard of review question. Correct. And I think if, for example, the court had intended to state a categorical rule that facts A, B, C, and D amount to bodily injury... No, it would not categorical rule. These undisputed facts, are they or are they not bodily injury within the meaning of the guideline? I'm not sure that still amounts to a question of law because all the judge... I'm finished with Judge Fletcher. All the judge is saying at that point, I believe, is I find these facts amount to prove by preponderance of the evidence or clear and convincing evidence, whatever the burden of proof is... He said no such thing. That's effectively what the judge says when he makes a finding of this nature. No, he made no finding. He took the facts as they were in front of him. I mean, he wasn't required to resolve... There was no requirement that he resolve any disputed question of fact. The fact was in the PSR. He recites the facts, but he's reciting them. He's not making a finding. I respectfully disagree. I think he still says if I believe these are the facts that exist, then... But what were the disputed facts? There were no disputed facts in this case. No, we're not saying there were any disputed facts. In fact, both sides agreed by not objecting to the PSR that it was accurate. Correct. So let's assume we have two judges with the same set of facts from a PSR not objected to. Could one judge find this constituted a significant bodily injury and the other judge not? I believe yes. Wow. So why... And they're both right? They're both correct. We would reverse neither of them? Neither of them would be clearly erroneous because that is the principle. Then we'd have guidelines, the principle of which... You're backing off. I mean, this is the problem with these cases. I don't see another circuit that applies abusive discretion standard. It may be the best standard, but we would be going at it alone. We have some clearly erroneous circuits. We have some circuits that do an either or. And we have some sort of intermediate scrutiny circuits. But nobody says abusive discretion. So it's... And the trace of Hinkson, if you go back, is Taccoon, which was a departure case, not an application, the guidelines case. So we're trying to... We'd like to do in this en banc is to straighten out our jurisprudence, which would be helpful. But I fail to see maybe a meaningful difference between the either or standard or what we would call the traditional standard where you say clearly erroneous standard applies to facts, de novo review applies to law. And if it's a mixed question of fact and law, we use de novo review. I agree with you that I don't see a meaningful difference between abusive discretion as this court has construed it in Hinkson and the either or approach saying if it's a legal issue, we review de novo. If it's a factual issue, we review for clear error. But can you come back to my question, then, if you agree with the Chief? Is it really possible that this, on the same stipulated set of facts, two different district judges could reach different conclusions about whether to apply a significant enhancement? And we would say you're both acting within your discretion? I think that's what clearly erroneous standard of review means. I know, I understand what clearly erroneous standard of review means. I'm asking why, if that's the outcome, why would we apply clearly erroneous standard of review? The problem that I see, and this is a question I really need some help. In every civil summary judgment, when and if the facts are agreed to, they're stipulated to, once the facts are agreed to and stipulated to, the application of the law to those facts is a question of law. Now we come to sentencing. And while I'm generally one who says there should be an abuse of discretion for the district judge, I'm saying to you, why is it that if the facts are stipulated to, in other words, if a flee is taken and the facts are stipulated to, why is it then still a factual determination? Because the judge hasn't got to determine between this fact or that fact. All he's got to do is apply the law to the fact. And I'm trying to come up with the appropriate help there. And that's why I'm asking you sincerely that question, because it seems to me pretty obvious in a civil case, it is not. The judge doesn't get a chance to set through the facts. Many times I've stipulated the facts for summary judgment just to apply the law to those facts and get the judgment. Now I'm saying to you, now somebody has stipulated the facts and we're applying the law. Why is that not a question of law? Even though you and your counsel have said it's an abuse of discretion, the judge is not sorting through now what the facts are. I think I'd have two responses on that. The first is I think you have to go back to McConnie and how the court defined, this is how we figure out what's a question of fact. And this is how we figure out what's a question of law. It's essentially fact and essentially law, though, right? That's the difference. We're talking about a mixed question in either case. And under McConnie, isn't the issue, as you're saying, whether this mixed question is essentially one of fact or essentially one of law? I think you want that essentially. Yes. So basically, you sort of you're articulating what the Second Circuit has done, which is to determine in the first instance whether the factual questions or the legal questions predominate and then apply either de novo or clearly erroneous. I think that is functionally the same as the abuse of discretion test in Hinkson, yes. And I think that would apply just as well here. Let me ask you in terms of the scope. I mean, if you look at the language of due deference in the statute and then you follow it through Coon and the other cases, there certainly is some suggestion that we're not going to come up with a one size fits all because it may depend on the circumstances. Correct. So with the case of bodily injury, is your argument here a broader one of application of undisputed of the law to undisputed facts? Or is it a narrower one that in the case of this guideline, when applied to undisputed facts, we look at it with an abuse of discretion? I'm not sure I understand the question. I mean, are you asking for a broad ruling on how we apply law to undisputed facts? Or are you asking for a ruling related to this section of the guidelines? I was addressing the question that the court had posed in its order about what should be the broader standard of review as far as application of guidelines to the facts. That's why I came out as with discretion. Well, but you see, that's not really helping me because I don't know. You may be addressing it, but I don't know what your position is. In other words, the question doesn't presume the answer that you have a one size fits all. So I'm asking you, is it the government's position that one size does fit all and whatever standard we adopt with respect to application of a guideline to undisputed facts, it applies for all of the guidelines? Or do you think it relates and depends on which guideline is at issue? I think the overarching standard applies to all the guidelines. Now, as far as what particular guideline we are dealing with, whether or not is a question of fact or essentially a question of fact or essentially a question of law, that is going to change depending on the guideline. Well, then you just pulled the rug out from under what I thought was your answer then. You're saying it depends on every individual guideline. I mean, I think everybody agrees that if there's actual fact finding, you look at clear error or some other approximate standard.  Now, you're saying that, well, if it's more factual, then it's abuse of discretion, but if it's not, it could be what? De novo? No. If it's more factual, I believe it should be clearly erroneous, but that is also under the abuse of discretion standard because that's the second step you've defined under Hinkson is do you look to see whether or not the finding was clearly erroneous? But under McConney, I thought you were arguing that we should apply McConney to all these questions. And in some of them, the issue will be essentially factual. So it's a clear error standard. And in some of them, it'll be essentially legal. So then it would be de novo. But you just said no to de novo. So that lost me. I thought you were going to say that for some guidelines, it is essentially legal. And then it would be a de novo standard. Perhaps I'm misunderstanding the question. That is the way I envision it. Yes, that if it is essentially legal question, it would be reviewed de novo. If it is an essentially factual question, then you're going to be looking at it. So you're arguing to us that the abuse of discretion standard, as outlined in Hinkson, is what you are recommending. Yes, but that's not McConney. Would you please apply that to the facts and law in this case? How would you sit down to write an opinion presumably affirming your position? What are the steps that the reviewing court would go through to determine whether or not can be affirmed? Under the first step, you would look to see whether or not the court identified and applied the correct legal rule. We do believe the court... And in this case... We believe the answer is yes. The particular guideline... Yes. ...controls. Okay. Then what's the next step? Then you would look to determine whether or not that factual finding, whether or not this person suffered bodily injury was illogical, implausible, or without support and inferences from the record. I.e. clearly erroneous. And we believe the answer to that is no, it was not. And that would follow from Hinkson, and we wouldn't have to modify or tweak Hinkson in any way to have that result? I don't believe so. So... Can I go back? You've answered now. You said we should apply McConney and we should apply Hinkson, but they're not the same standard. So I'm confused. I believe they are essentially the same standard because McConney, as I read it, said... Essentially, it's two prongs. You will not find the words abuse of discretion in McConney? No. McConney does not use the words abuse of discretion, but it does outline that there are some circumstances where it is essentially legal, and you will review that de novo. And there are some circumstances where the application question is essentially factual, and you would review that for clear error. I envision that as the same essential inquiry as Hinkson. And how do we determine what is essentially factual? I think you go back to McConney when it says that an essentially factual inquiry, and nobody comes up with a perfect definition for this, but an essentially factual inquiry is one that is founded on the, I think they use the words, the mainsprings of the district judges, basically life experience. And then in the legal questions, you're looking at, are you looking at legal principles? Are you looking at legal concepts?  What is the judge doing based on his life experience in accepting their stipulation? He is looking at this in terms of, are these the types of injuries that would be painful and obvious? Are these, to me, knowing what I know about life, if somebody is burned and puts their arm down on a trunk compartment that's overheating and it's leaving marks, is that going to be painful and obvious? That's not illegal. And you may win on the merits, but I'm still troubled by the notion that, to pick on Judge Smith, talking as much as I have, Judge Smith could find one to be painful and obvious, and I could find it not to be, based on our life experiences, and the two defendants would just have to live with the disparity in the sentences. Is that your position? I think that is the principle behind clearly erroneous review, that there are... Sure, I understand that's a... No, you said this before, so let me make it clear. That is the principle behind clearly erroneous review. I'm trying to decide whether clearly erroneous review would apply to this set of circumstances or whether or not de novo review would apply. And what you're saying is clearly erroneous review leads to the consequence that, on the same set of stipulated facts, two different judges could imply vastly different... One could apply the enhancement and the other one wouldn't. Yes. I think the Supreme Court has said that. No, I'm not sure the Supreme Court said that with respect to stipulated facts. The Supreme Court said that with respect to findings of fact, but can you tell me what the Supreme Court said that if the facts are stipulated, two district judges viewing the same stipulated set of facts in the same case can arrive at different conclusions on the application of enhancement? No, not with respect to stipulated facts. Let me ask you a question. Is there something in the position of the district court when they have a stipulated set of facts and applying the same law, which then makes them better able to make that determination in that situation? Because we say the jury is in a better way because they can look at the witnesses, they can do whatever they have to do. We say the judge can do that on a regular situation where he is the determiner of the facts. Is there something in the process where it's a stipulated facts and the law is clear that makes him better able or her better able to make that determination? That's a policy argument. I don't think it would be in this circumstance, but there may be in certain circumstances where there are certain, even though the historical facts are clear, there may be some factual nuances about the way certain things work that a particular district judge, because they see more sentencing, because perhaps they've been a state judge or something like that and they've handled state sentencing, for example, they may have a better understanding of that. But other than that, no. Obviously, this court is fully competent to look at a set of stipulated facts and reach certain judgments. Or in this case where there's no dispute on the factual record and we're both looking at a cold record. It's not as though the judge is looking at the defendant and making a choice in this case or a judgment about the defendant. The question is about the victim's injuries and the victim didn't testify. There's nothing in the record except that we both, both the district judge and this court are operating with the same information. True? Correct. But I also think that if I could just say very quickly that I believe the clear air standard review involves more than just proximity and competence to evaluate the evidence. There are policies behind it that go beyond that as far as resources, which courts should expend their resources, where. But if we're looking at the same information, that doesn't quite make sense to me. I'm sorry? If we're looking at precisely the same information, a cold record, I'm not sure that makes any sense because we're just in the, we're in this equal position in terms of evaluating the application law to the facts on the same cold record. But it seemed like part of your answer I was expecting would be, we should determine whether something is essentially legal or essentially factual under Makani by the provision of law at issue and not the particulars of a case about whether the facts were stipulated. So I would have thought that you'd say that whether something is a significant injury is the type of inquiry that Makani tells us is better done by district courts. And we should make a general finding or general rule about that and what the standard review will be and not change it case by case, depending on how many facts were stipulated. No, I don't believe it's something that should change case by case. That's not what I'm suggesting. And I agree. It sort of does, though, doesn't it? Let's assume we apply Makani in the way that Judge Friedland has articulated it. Then basically, you would look at this record and your argument, I would think, would be, look, these are essentially factual. Even though they're stipulated facts, it's essentially a factual inquiry. And therefore, we should lean to the clear error side of it. Yes. Now, they would say, no, no. Stipulated facts, we need a rule that says, is this a serious bodily injury or not? You should, you should, their argument, I would think, would be that we should apply de novo because on a stipulated situation that you have, we need a rule as to what serious bodily injury means in this context and so forth. I mean, that would be, I would think, the argument under Judge Friedland's formulation. As far as their, their articulation. Yours would be, it doesn't matter if it's stipulated. Right. It's primarily a factual determination. This is a factual inquiry. Yes. But that gets me back to my other question, though, is are you really going under this along the Kuhn line of where it really depends on what the provision of the sentencing guidelines at issue is? In other words, here we have the bodily injury or significant bodily injury, which you say is more on the factual kind of side, but are there aspects of the guidelines that would really fall more on the primarily or essentially legal in terms of application of the facts once you find the facts? Certainly. So you're not asking for a blanket rule then under the guidelines in terms of application of the guidelines to facts? The blanket rule that we are advocating is the abuse of discretion standard. That's the overarching standard. If you want to consider that as a formulation of either or, meaning clear error for factual and de novo for legal, in my view, that is essentially the same standard. That's the overarching standard. Now, once you dive past that and you get into the specific guideline provision or the specific guideline issue, then yes, you are looking at it in terms of are we dealing with an issue that is essentially legal or are we dealing with one that is essentially factual? And that dictates, even under the abuse of discretion standard, which path you're going to take. Is it going to be a de novo review or is it going to be a clear error review? And in our view, this is a factual inquiry, whether or not he suffered bodily injury. So at the narrowest, what you're saying is that under this guideline, the bodily injury determination is essentially factual and abuse of discretion applies and you tip to the district court? Yes. Let's assume we had a statute that one of the elements of which was bodily injury and we were reviewing the judge's determination after a jury trial that the facts taken into light most favorable to the government established bodily injury. How would we review that determination? You're talking about a sufficiency of the evidence? Yes. I think that would be de novo. Yeah. And so why isn't this a de novo review? Sufficiency of the evidence to me is a legal question. Why isn't it? Of course, that's why we do de novo. But why isn't, in this case, the question of whether these facts stipulated add up to bodily injury within the guidelines provision a legal question? We give the judge all deference in finding the facts. Here he found them. They were handed to him. But we give the judge all deference in finding the facts. Their legal significance, whether it amounts to sufficient evidence to convict or sufficient evidence to meet a statutory standard, is something we review de novo, isn't it? I feel like this is a little bit of a chicken and the egg problem because, to me, it's the standard of review that determines what lens you're looking through. So because I view it as a fact that essentially— But if you give the answer first, then, of course, the question's obvious. But I guess my question is, if we review sufficiency of the evidence de novo and say, could any reasonable person find this? That's our de novo standard of review. Why don't we have de novo review of this? We might well conclude that any reasonable judge could find that this was a bodily injury. But why isn't this de novo review? To me, the sufficiency of the evidence is where you're setting the floor. You're saying below this, you cannot establish that crime. Okay. So let me rephrase the question. They say these set of facts fall below the floor of bodily injury as defined in the guidelines because the guidelines require that the bodily injury be significant. And you say they come above it. Why isn't that a legal determination? Because the question is not what the floor is. The question is, is the finding plausible? Well, no. Counsel, can I ask just one question over here on the video? Yes, sir. Isn't the answer to Judge Hurwitz's question section 3742E? So he's due deference. Yes. Yeah, I mean, that's a point, certainly. We owe deference under that section to the district courts. Sentencing is a little bit different. But let me ask you this, because no other court has just said abuse of discretion. This would be, they formulate the second circuit and the fourth and the 11th do an either or, which is, I think, pretty close to McConney. That's the way I read it. Others are doing clearly erroneous others. So we have a circuit split. I know you and your office have looked at this thing. But if, for example, we said abuse of discretion and this Supreme Court grant assert, is the Solicitor General going to support us on this? I'd hope so. Or is it going to say, look, I think, no, I think, I think, really, clearly erroneous might be the best standard going with the fifth circuit. Or maybe the either or is the second circuit. So if we're going to go at it alone. Number one, I did consult with their office. So this was the same answer they gave me as well. But number two, I'm not sure that it's true that no other circuit does abuse of discretion. As I read Richards and as I read Tan, the D.C. circuit case and the third circuit case, they do apply abuse of discretion. However, that said. If I can interject with abuse of discretion, it's black letter law, as I understand it, that if a judge makes a mistake of law, that is abuse of discretion. And we decide whether a judge has made a mistake of law de novo. So we're back to the question you keep getting hit by from all sides. If you have undisputed facts and the question is the application of a legal rule to the undisputed facts, why isn't that a question of law? And if the judge makes a mistake on that, it's an abuse of discretion. I'm quite willing to go with you on abuse of discretion. But mistake of law is abuse of discretion. I agree with you on that point. I go back to the point earlier about, you know, the standard of review, I think, is dictated in part by the nature of the inquiry. Well, of course it is. And because this is a factual inquiry, even on undisputed facts. But it's not a factual inquiry in the sense of resolving disputed questions of fact. We review 12B6 where we have an assumed set of facts. We review summary judgment where we have an established set of facts. We review sufficiency of the evidence where we have an established set of facts that we're presuming. All of those are de novo review because those are questions of law. This seems to me the same thing. Again, I go back to the analogy I was going to use, whereas, you know, where you're setting a sufficiency floor, saying below that is not enough, versus whether or not you're saying the finding is plausible. That's not the same thing. And I also go back to the statute does dictate that the court is to give due deference. So I'd like to ask, so I actually agree with a lot of what you're saying, that this is essentially factual. But the first step of review, even under that path, under Hinkson and McConnie, is was the correct legal test applied, right? And then we say we apply it under clearly erroneous review because it's essentially factual. But here, I'm a little bit unclear whether the correct legal test was articulated, even assuming we take your approach generally. Can you help me with how we should assume that the district court knew what the definition was here? I think you go in part by, number one, this is a very common provision in the guidelines. This is in over 20 guidelines. It's something that comes up. It's also, as you pointed out earlier, or alluded to, shorthand is used in the district courts. That's how people rule on things. 403, relevance. We don't, at least as far as I know, haven't required the judges, especially when it's not made an issue at the time, to articulate the full definition to the point that it's very clear on the record that they applied the entire correct legal doctrine behind it. You also have in this case, there's nothing in there that suggests the court affirmatively misstated or misunderstood the rule. This isn't a case like the Fifth Circuit case, Guerrero, where the district judge said something along the lines of any injury, a mild, mild injury would apply. There's nothing of that nature. And then you go to the fact that essentially this judge went beyond what would be required if he thought just any injury would suffice in this case. He looked at the record. He looked at the context. He said, you know, there's painful and obvious. It's more than that. If he had thought it was just any injury, he would have sat there and said, you know, it's obvious. But he didn't actually say the words painful and obvious. I mean, he may have said things that amount to that. But that's the issue, right? I mean, if we're going to review very deferentially this essentially factual question, we may want to make sure the judge who we're going to defer to was making a judgment about the right question. And this record is a little unclear. He did not state it expressly. But he did go beyond just saying any injury. I mean, he looked at the context. He looked at the fact that the victim was screaming and complaining that it was hot. All those things were unnecessary if this particular court thought that any injury was sufficient. You add on top of all that the presumption that child courts know the law, which I think is a good presumption in this case given how prevalent this particular definition and this guideline provision are. All of that, I would suggest, especially in the absence of any sign that the court affirmatively misstated the rule, suggest that he identified the correct rule. Mr. Coe, in answer to a question asked by Judge Watford, you said that you were willing to accept the due deference standard of 3472E. Did I understand that correctly? We do believe that that provision still – there are indications in the Supreme Court cases that that provision survives Booker, the due deference clause. And if that provision does survive, we do believe it is another sign that – If it doesn't survive, if the language of Justice Breyer's remedial opinion is taken literally at face value, 3472E as well as 3553B are excised. Yes. They no longer exist. Right. And if that's so, doesn't the only scope of review turn out to be 3553A, the seven factors of reasonability? Yes, although when you go back to Gall and Gall says that reasonableness means abuse of discretion, I think we're back in the same place. I see. So that's how – Gall modifies the language of the Booker. Gall explains what Booker meant – Booker's remedial opinion meant as far as reasonableness. So when with respect to due deference, I take it even under the due deference cases, this same division existed, which is to say questions of law were reviewed de novo and questions of fact were reviewed with deference, right? Yes, sir. So that due deference, even if it survives, it doesn't solve the problem for us, does it? Right. We still need to determine whether this is a factual question or a legal question. I think that's ultimately the question, yes. My time is up. It is. Just one further question. Part of the problem we have is because when we think of abuse of discretion in other contexts, it's purely discretional. It's discretionary decisions. And this isn't really one of those. We have a guideline and we have factual – facts determined under the guideline. It's not as though we're trying to decide whether a sentence imposed within a range is reasonable or not. That's a – that I understand as abuse of discretion. All of us may put the marker down somewhere else, but that's just the district judge's call in my view. Why isn't it more like the First Circuit in this instance that we look at – or sorry, the Second Circuit and McConnie, where we actually are just looking at the law de novo, facts clearly erroneous and application of law to facts de novo, because that's the way the guidelines work? The Second Circuit? Yeah. My understanding was the Second Circuit applied to either or. Yeah. Where? Well, I guess maybe we read it a little bit differently. But in any event, I think clear error is still a discretionary standard in some respects because it does allow room for is the finding plausible? I mean, different judges can reach different conclusions on certain facts. Very good. Any further questions? Thank you for the argument. We'll hear rebuttal. So now you've listened to us for a while. Judge Thomas, you have my argument on McConnie down pat to explain. If we are going to just do the is it essentially legal or essentially factual, I think you have to take not only each guideline provision for one at a time, but also the facts that come up in the particular issue of the case. For example, this case, wherever you put the significant injury question, when you get boiled down to this case, when it is these – you have just the cold record of the PSR, it turns into essentially legal because it is, are these injuries that are described in the PSR of mild lacerations, minor and small burn, do they meet the legal terms of significant injury? But why isn't this an essentially factual question that we would like district courts to make so that we don't have to sit on bonk talking about two-inch cuts and three-inch cuts and four-inch cuts? Why should this be viewed as an essentially legal question that needs to be decided in every case on appeal? Isn't it something that is more factual that is the type of thing we let district courts do? In the abstract, but that's the problem in this particular case. It isn't a district court making a call. Is this a large gash or is this a small nick? The district court didn't make that factual determination that we normally defer to. It's because you have these stipulated facts of mild injuries, do they meet the significant injury that turns it back into a legal question? You keep saying mild injuries, but I think you're reading a record without the soundtrack. The record shows that these mild injuries provoked screaming, right? So the question is the cumulative effect of finding lacerations either on the body or on the fingers, a burn, which was sufficiently important so that the cops took him to treatment emergency hospital, but he didn't submit to any, and the screaming while he was in the trunk. Well, first of all, as to took him for treatment, that's absolutely nowhere in the record. It simply did not happen. When the officers came on the field, in the field, they didn't do any treatment whatsoever. It wasn't until the border patrol station that there was at least some type of treatment, but we don't know if that's putting a band-aid on a cut or running some water over a burn. We just don't know that from this record. But as to the actual record, what the actual record does is if you look through the PSR, and all the sites to the PSR of these bodily injuries are in the supplemental brief. I believe it's page 23, but you can see by site by site, the probation officer actually narrowed it down so you get the description and you get the exact cause of the injury. And you get to PSR 6, and it says, lastly, one of the material witnesses in the trunk suffered mild lacerations to his fingers from trying to escape and minor burn on his forehand, on his forehand, as the trunk compartment was overheating. You don't know if the screamings are due to the compartment getting hot or to the significance of the pain. It's just not a call the district court made in this case. Is the record clear in this case how many people were in the trunk compartment? There were two people in the trunk, only one of which was injured. And is the record clear about who was screaming? Pardon me? Is the record clear about who was screaming? It's clear that the material witness that suffered the burn was the one screaming. But he was screaming it was hot. He's not screaming, I'm getting burned. It's later that he stated, I got burned. And he did get burned. So the only question is how serious it was. I look at the guideline before I get to the definition. You add two levels if it's bodily injury. You add four levels if it's serious bodily injury. And you get six levels if it's permanent or life-threatening bodily injury. So we're at the bottom level of bodily injury, which the guideline application note says any significant injury, for example, e.g., injury painful and obvious. Well, because it's at the bottom level of these three levels of injury and we get this painful and obvious, I do think you're right that this is de novo. But it seems to me that this satisfies the standard. It's painful. Any burn is painful. It's obvious. He's got lacerations. They're obvious. I don't see how I get around the application note. If you look at the other circuits that have actually interpreted the application note, they all explain that the list of these terms mean it has to be more than just momentarily painful, that it does have to leave as obvious some lasting effect or at least some significant duration. The fact that you could see this at the moment it happened or that you did experience some pain at the time doesn't meet the standard under any court that has actually interpreted. Am I correct in remembering that there was an enhancement in this case for threatening serious bodily injury? Yes. In effect, it went from, I believe, a level 14 to an 18 for the conditions of the person being in the car. It's not challenging the other one, though, are you? You're only challenging the two points, aren't you? Correct. I'm just saying that his base offense level was actually increased because it was hot in the car and because the person screamed, because of the actual reckless conduct, that yes, he got his sentence increased because of that. But no one objected double counting or anything like that? We don't now. We're just saying he should have been sentenced without the bodily injury. The other point I want to make is at least with the 2L1.1, the alien smuggling context, this only happens, I've looked at the statistics from the commission, for last year it was 1.5% of the cases. So this is a rare situation and I'd like to submit that if there really is significant injury, we're getting photographs of that injury. We're getting detailed reports about how much pain and the government is not negotiating these out of the plea agreement if there really is significant injuries in this case. Any further questions? Thank you both for your arguments. Case to serve will be submitted for decision. And before we leave today, this is our clerk, Lucy Norell's last en banc hearing as deputy clerk. She is retiring after 32 years of great service for us. And I hope the audience will join us in giving applause. That will be at recess.
judges: O'scannlain, Thomas, McKeown, W. Fletcher, Gould, Bybee, Bea, N.R. Smith, Watford, Hurwitz, Friedland